TERRY LEE MCKINNEY,

        Petitioner,

  v.                                             Case No. 24-cv-101-pp

MICHAEL MEISNER,[1]

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

        On January 25, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging the sentence imposed in state court after his 2017 armed robbery conviction. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the face of the petition that the petitioner is not entitled to relief, the court will dismiss the petition and the case.

**I.    Background**

        The petition refers to both State v. McKinney, Case No. 2005CF007138 (Milwaukee County Circuit Court) and State v. McKinney, Case No. 2017CF001453 (Milwaukee County Circuit Court) (both available at

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if the petitioner is in custody under a state-court judgment, the petition must name as respondent the state officer who has custody. The court has substituted Warden Michael Meisner of Fox Lake Correctional Institution as the respondent.

https://wcca.wicourts.gov/). The docket for Case No. 2005CF007138 shows that on March 6, 2006, the petitioner pled guilty to four counts of armed robbery with threat of force. McKinney, Case No. 2005CF007138. On August 10, 2006, the state court sentenced him to twenty years of imprisonment: ten years of incarceration followed by ten years of extended supervision. Id. The court entered a judgment of conviction on August 11, 2006. Id. The petitioner filed a postconviction motion to reconsider his eligibility for the earned release program and for a new sentencing hearing. Id. The court denied the motion for a new sentencing hearing but did find the petitioner eligible for the earned release program. Id. In 2014, the petitioner was released early to extended supervision after completing the earned release program. Id.

On July 13, 2017, the petitioner was charged and pled guilty to two counts of armed robbery with threat of force and two counts of robbery of a financial institution. McKinney, Case No. 2017CF001453. On August 17, 2017, the state court sentenced him to twenty-four years of imprisonment: sixteen years of incarceration followed by eight years of extended supervision. Id. The court entered a judgment of conviction on August 18, 2017. Id.

Shortly thereafter, the petitioner filed a notice of intent to pursue post-conviction relief. Id. On January 18, 2018, the state court of appeals granted the petitioner's request for an extension of time to file a postconviction motion or notice of appeal, extending the deadline to March 19, 2018. Id. The petitioner did not file anything until June 28, 2021, when he filed a motion for sentence modification in both of his cases. Id.; McKinney, Case No. 2005CF007138. The circuit court denied both motions, and the petitioner appealed. Id.

2

The Wisconsin Court of Appeals summarily affirmed the circuit court's denial of the petitioner's motions for sentence modification. State v. McKinney, No. 2021AP1564-CR, 2023 WL 4072878 (Wis. Ct. App. June 20, 2023). The petitioner filed a motion for reconsideration, which was denied as untimely. McKinney, Case Nos. 2017CF001453, 2005CF007138. The Wisconsin Supreme Court dismissed the petition for review. Id. The petitioner sought reconsideration of that decision, which the Wisconsin Supreme Court denied on the grounds that his petition for review was not timely filed. Id.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

3

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.    The Petition

The petitioner's factual allegations read more like a narrative than statements of separate grounds for relief. The petitioner argues that he was entitled to a presentence investigation report (PSI) (he says that the "federal guid[e]line states it), but that he was unable to raise this argument on direct appeal because his attorney (a public defender) stated that he "had no merit" and that the lawyer was "going to pursue it;"[2] the petitioner says that on March

---

[2] It is not clear whether the petitioner means to say that the public defender told him that his argument that he was entitled to a presentence investigation

4

19, 2018, the lawyer closed the petitioner's case and told the petitioner "to find a private lawyer or seek a sentence modification." Dkt. No. 1 at 6–7. He says the lawyer told him to wait for "proper paper work" in his case, but that the petitioner never received it. Id. at 7. The petitioner argues that all of the parties in his case "look[ed] over" (the court believes he means "overlooked") giving him a PSI before sentencing him to what looked like a "life sentence," which he says a "new factor states." Id. He says this was "never brought up." Id. The petitioner argues that the judge was "very harsh in his statement" to the petitioner, that the judge said he was mindful of the petitioner's age but that the judge nonetheless gave him a long sentence and changed it from concurrent to consecutive. Id. The petitioner says his sentence should be modified because of a "new factor" and "abuse of discretion." Id. at 8. The petitioner argues that a PSI would have shed light on his past trauma and affected his sentencing. Id. at 7–8. He says that he feels that his case is being "past around, overlooked;" he says that the facts "speak for themselves." Id. at 9. He disputes the Wisconsin Supreme Court's determination that his petition for review was untimely. Id. In his request for relief, the petitioner asks the court to "verify" that he timely filed his motion for sentence modification, to find that his "new factor" and "abuse of discretion" claim based on the lack of a PSI "has merit" and to modify his sentences to run concurrently instead of consecutively. Id. at 12.

Claims of errors by a state court in applying state sentencing laws are not cognizable on federal *habeas* review. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)

---

report had no merit, or whether means to say that the public defender told him that the public defender was going to file a "no-merit" report.

5

Case 2:24-cv-00101-PP   Filed 10/31/24   Page 5 of 8   Document 11

(emphasizing "that it is not in the province of a federal habeas court to re-examine state-court determinations on state-law questions"); Bradley v. Lockett, 549 F. App'x 545, 549 (7th Cir. 2013) (noting that sentencing errors are not generally cognizable on collateral review); Shaw v. Wilson, 721 F.3d 908 (7th Cir. 2013) (federal courts cannot review a state court's resolution of state-law questions). The petitioner's claims regarding whether the lack of a PSI was an abuse of discretion or constitutes a "new factor" for sentence modification are not reviewable because they are based on the state court's application of state sentencing laws. His *habeas* petition cannot proceed on this ground.

The petition also seems to suggest ineffective assistance of his postconviction counsel, which is a claim that is cognizable on *habeas* review. See, *e.g.*, Minnick v. Winkleski, 15 F.4th 460, 470–71 (7th Cir. 2021) (analyzing a claim for ineffective assistance of postconviction counsel on habeas review). The petitioner states that he did not file a direct appeal on the PSI issue because his lawyer said his case "had no merit." Dkt. No. 1 at 6–7. But the petitioner did not raise ineffective assistance of postconviction counsel in his state court proceedings—he has filed only a motion for sentence modification.

A petitioner is required to exhaust his claims by presenting them to the state court before he can seek federal *habeas* review. Woodford v. Ngo, 548 U.S. 81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to

6

Case 2:24-cv-00101-PP    Filed 10/31/24    Page 6 of 8    Document 11

exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). If the petitioner wishes to challenge his postconviction counsel's performance, he first must raise that claim in the state court and litigate it through a full round of appellate review. Because the petitioner has not raised ineffective assistance of postconviction counsel to the state courts, the court must dismiss the petition for his failure to exhaust.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to habeas relief under 28 U.S.C. §2254.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

7

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Warden Michael Meisner is the correct respondent.

Dated in Milwaukee, Wisconsin this 31st day of October, 2024.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**